FILED

2007 Dec-18  PM 03:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **DAVID COLEMAN, et al.,** ] | |
| ] | |
| **Plaintiffs,** ] | |
| ] | |
| **v.** ] | **Case No.:  2:07-CV-915-VEH** |
| ] | |
| **BUFFALO ROCK COMPANY,** ] | |
| ] | |
| **Defendant.** ] | |

## MEMORANDUM OPINION AND ORDER

### I.    Brief Introduction

Plaintiffs bring this FLSA and unjust enrichment case against Buffalo Rock
Company ("Buffalo Rock").  (Doc. #1).  The pending motion is:  Buffalo Rock's
Partial Motion to Dismiss Or, in the Alternative, Motion to Strike (Doc. #11) ("Partial
Motion") filed on October 22, 2007.  Plaintiffs filed their opposition (Doc. #15) on
November 6, 2007.  Buffalo Rock then filed a reply (Doc. #16) on November 13,
2007.  Plaintiffs followed with a sur-reply (Doc. #18) filed on November 30, 2007.
As discussed more fully below, Buffalo Rock's Partial Motion is due to be and is
**HEREBY DENIED**.

### II.    Brief  Statement of Alleged Facts and Procedural History

Buffalo Rock is a Pepsi-Cola bottler with 14 distribution centers spread across
Alabama, Florida, and Georgia.   Plaintiffs are current and former delivery-

merchandisers and pre-sales employees for Buffalo Rock. The heart of Plaintiffs' complaint is that Buffalo Rock has a companywide policy of self-enrichment by holding back a portion of Plaintiffs' wages equal to the full retail price of expired, unsellable drinks even though it has already received full wholesale payment for these same drinks from its customers. Buffalo Rock then allegedly replaces these drinks at a minimal cost (*i.e.*, below the retail and wholesale price of the beverages) and keeps the expired ones.

Plaintiffs seek recovery against Buffalo Rock for wrongfully withheld wages, unpaid wages, overtime compensation, liquidated damages, punitive damages, reasonable expenses of litigation, and attorneys' fees. Buffalo Rock's Partial Motion seeks an order dismissing Plaintiffs' unjust enrichment claim entirely, dismissing any class treatment of Plaintiffs' unjust enrichment claim, or alternatively striking punitive damages relating to unjust enrichment.

### III.   Rule 12(b)(6) Standard

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *as abrogated by Bell Atlantic Corp.*

*v. Twombly*, 127 S. Ct. 1955 (2007); *see also* Fed. R. Civ. P. 8(a).

A plaintiff must provide the grounds of his entitlement, but Rule 8 does not require "detailed factual allegations." *Twombly*, 127 S. Ct. at 1964-65 (2007) (quoting *Conley*, 355 U.S. at 47). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly* at 1969. In evaluating a motion to dismiss, the court assumes that all factual allegations set forth in the complaint are true, *see United States v. Gaubert*, 499 U.S. 315, 327 (1991), and construes all factual allegations in the light most favorable to the plaintiff. *Brower v. County of Inyo*, 489 U.S. 593, 598 (1989).

**IV.    Analysis**

**A.    Unjust Enrichment Generally**

Partial judgment in favor of Buffalo Rock on Plaintiffs' unjust enrichment claim generally is due to be denied. Under the authority of *Hancock Hazlett Gen. Constr. Co.*, 499 So. 2d 1385, 1387 (Ala. 1986), a plaintiff can establish unjust enrichment in one (1) of two (2) different ways:

> The essence of the theories of unjust enrichment or money had and received is that a plaintiff can prove facts showing that defendant *holds* money which, in equity and good conscience, belongs to plaintiff or *holds* money which was improperly paid to defendant because of mistake or fraud.

*Id.* Therefore, based upon *Hancock*, Plaintiffs do not need to assert any allegation of

fraud, deceit, or mistake in order to state a claim for unjust enrichment.  *See also Blue Cross/Blue Cross of Alabama v. Wyeth*, No. Civ.A.2003-6046-RSV, 2006 WL 1241019, at *8 (Ala. Cir. Ct. Feb. 27, 2006) ("An unjust enrichment claim need not depend on proof of mistake or fraud, however.  As stated by the Alabama Supreme Court, to prevail on an unjust enrichment claim, a plaintiffs must establish either that the defendant hold money that, in equity and good conscience, belongs to the plaintiff, or that the defendant holds money that was improperly paid because of mistake or fraud.") (citing *Avis Rent-A-Car Systems, Inc.*, 876 So.2d 1111, 1123 (Ala. 2003)).

### B.    Unjust Enrichment as a Class Claim

Similarly, a dismissal of Plaintiffs' Rule 23 class allegations on unjust enrichment is due to be denied because Plaintiffs are not claiming the individualized form of unjust enrichment premised upon either mistake or fraud.  *See Wyeth*, 2006 WL 1241019, at *11 (allowing for class treatment of unjust enrichment claim because "[u]nlike the cases on which the defendants rely, no claim is made here that any payment was based on any class member's mistake of fact or on fraud resulting from an ambiguity in any contract, nor is there a claim that payment was in mistaken contravention of a statutory scheme or in an amount in excess of that permitted by law") (citing *Cheminova America Corp. v. Corker*, 779 So.2d 1175 (Ala. 2000)).

4

While Buffalo Rock criticizes Plaintiffs for not offering any controlling authority that dispositively shows that their non-fraud class theory of unjust enrichment works in the context of a wrongfully withheld wage dispute,[1] Buffalo Rock equally fails in providing any controlling authority that Plaintiffs are not permitted to proceed as alleged as a matter of law. Moreover, as the movant, Buffalo Rock bears the burden. Finally, Buffalo Rock's reliance upon *Welch v. Montgomery Eye Physicians, P.C.*, 891 So. 2d 837, 843 (Ala. 2004), in support of its Partial Motion is misplaced as that case involves a dismissal of an unjust enrichment claim on a Rule 56 basis, as opposed to under Rule 12(b)(6). *See id.* ("The trial court did not err in entering a summary judgment for MEP on Donna Welch's breach-of-contract claim and her unjust-enrichment claim.").

### C.     Unjust Enrichment and Punitive Damages

Striking Plaintiffs' punitive damages claim is not appropriate at this time.

---

[1] *Reynolds Metals Co. v. Hill*, 825 So.2d 100 (Ala. 2002) arises in the context of an employer's failure to pay severance benefits as promised and involves claims of breach of contract, fraud, and unjust enrichment. In *Reynolds*, the Supreme Court of Alabama determined that due to the individualized nature of these claims, class certification under Rule 23 was not appropriate. 825 So.2d at 108 ("Finally, as to the plaintiff employees' unjust-enrichment claim, the trial court noted that the kind of proof necessary to establish liability for such a claim would be the same as that presented in the breach-of-contract and fraud claims."). Because of the inclusion of fraud and its interrelatedness to the plaintiffs employees' unjust-enrichment theory, *Reynolds* is significantly distinguishable from this case in which neither any independent or dependent fraud has been alleged.

Alabama law allows for the recovery of punitive damages in tort actions.  *See* Ala. Code § 6-11-20(a).  Buffalo Rock argues that if Plaintiffs' unjust enrichment claim survives its Rule 12(b)(6) challenge, then Plaintiffs cannot recover for punitive damages because the type of enrichment claim upon which they rely does not sound in tort.

None of the cases cited by Buffalo Rock to support its alternative relief seeking to strike punitive damages are from Alabama courts.  Moreover, Plaintiffs have cited at least one (1) case which classified unjust enrichment as being tort-based, although the specific allegations of the claim were not discussed.  *See Ex parte Johnston-Tombigbee Furniture Manufacturing Company, Inc.*, 937 So.2d 1035, 1040-41 (Ala. 2005) ("Further, although Johnston-Tombigbee's complaint originally asserted claims based upon the deed, *i.e.*, ex contractu, the claims asserted in the amended complaint [*i.e.*, including conversion of corporate property, breaches of fiduciary duty, and unjust enrichment] are tort claims asserting improper conduct by Scott.") (footnote omitted).

Ultimately, there may be a failure of proof as to clear and convincing evidence of conscious or deliberate misconduct on the part of Buffalo Rock under Ala. Code § 6-11-20(a), but striking punitive damages at this early juncture would be premature and regardless, is unnecessary.

**V.      Conclusion**

Accordingly, for the reasons stated above, Buffalo Rock's Partial Motion is

**DENIED**.

     **DONE** and **ORDERED** this the 18th day of December, 2007.


                                              _____
                                              **VIRGINIA EMERSON HOPKINS**
                                              United States District Judge